UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA EMERSON, ) | |
| ) | Case No. 21-cv-06407 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| THOMAS J. DART, SHERIFF OF COOK, ) | |
| COUNTY, ILLINOIS, and COOK ) | |
| COUNTY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After this Court issued its January 2023 Opinion dismissing plaintiff Paula Emerson's complaint without prejudice, Emerson filed her amended complaint. The Court had dismissed her Americans with Disabilities Act ("ADA") retaliation claim on the basis that she did not allege that she engaged in an ADA protected activity and her Illinois Workers' Compensation Act ("IWCA") claim because she had not sufficiently alleged that her workers' compensation claim caused her termination. Defendants claim none of Emerson's new allegations save her claims. The Court agrees that her amended complaint does not resolve either issue identified in the Court's January 2023 Opinion. Therefore, the Court grants defendants' second motion to dismiss [30] and dismisses Emerson's complaint with prejudice.

## STATEMENT

This Court assumes familiarity with its January 10, 2023 Opinion. Emerson was a former Corrections Officer at the Cook County Jail. During her employment, she was diagnosed with anxiety, depression, and post-traumatic stress disorder. She alleges that she was placed on disability leave in 2012, where she remained until she was terminated without warning from her employment in December 2019. In her original complaint, the only other relevant event during this time was a

1

workers' compensation claim Emerson filed in 2014 that was still pending when she filed her lawsuit.

This Court dismissed Emerson's complaint in its entirety. Regarding her ADA retaliation claim, the Court found that merely filing a workers' compensation claim did not qualify as a statutorily protected activity under the ADA. As such, Emerson had not alleged the first element of the claim and the Court dismissed the count. See *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 243 (7th Cir. 2018). The Court also dismissed her common law retaliation claim, finding that the five-year gap between submitting her workers' compensation claim and her ultimate termination, without more, did not show causation. See *Grabs v. Safeway, Inc.*, 917 N.E.2d 122, 126, 334 Ill. Dec. 525, 529 (1st Dist. 2009) (outlining elements of the claim). The Court gave Emerson leave to amend her complaint if she could address either deficiency, but denied Emerson's request for additional discovery on the issue of whether a relevant decisionmaker knew she had filed a workers' compensation claim.

Emerson's amended complaint now includes allegations regarding a 2014 Title VII lawsuit Emerson brought against Thomas J. Dart, Lieutenant David Grochowski, and others. She maintains the same attorneys in the case at bar represented defendants in the prior case, as well as in the workers' compensation claim. Therefore, Emerson alleges that the attorneys discussed the workers' compensation claim with Dart's undersheriffs, such that the defendants in this case were aware of her workers' compensation claim. She also contends that those same undersheriffs were involved in her termination, which she claims was a direct result of her workers' compensation claim and her Title VII lawsuit.

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. See *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations

2

as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Defendants argue that nothing in the amended complaint saves Emerson's ADA retaliation claim. The Court concluded in its January 2023 Opinion that a workers' compensation claim by itself does not constitute an ADA protected activity. Emerson's amended complaint contains no new allegations regarding the workers' compensation claim that would suggest why it constitutes a protected activity, but adds discussion of her Title VII lawsuit. First, it is unclear how her Title VII lawsuit would constitute an ADA protected activity. *See Preddie v. Bartholomew Consol. Sch.*, 799 F.3d 806, 814–15 (7th Cir. 2015) (discussing how a protected activity occurs when a plaintiff "assert[s] h[er] rights under the ADA by either seeking an accommodation or raising a claim of discrimination due to h[er] disability"). Second, Emerson does not argue that the Title VII lawsuit is a protected activity, but simply stands on her arguments from the last motion to dismiss, which this Court already rejected. Thus, for the same reasons articulated in the Court's January 2023 opinion, the Court dismisses Emerson's ADA retaliation claim.

The Court next considers Emerson's IWCA claim, and whether Emerson has now sufficiently alleged causation. In her response, Emerson does not rely on her new Title VII allegations. Instead, she argues that the Court should not focus on the five-year gap between the initiation of her workers' compensation claim and her termination because the claim was still pending in 2019. She contends that her workers' compensation claim must have been the cause of

3

her termination because nothing else occurred during this time, and distinguished defendants' cited cases by pointing out that they were decided on summary judgment and involved situations where the workers' compensation claim had been resolved or disability leave had concluded. Indeed, these cases do not involve *pending* workers' compensation claims. Nevertheless, the Court finds the principles set forth in these cases to support its conclusion that the five-year time gap, without more, defeats an inference of causation.[1]

"Where there is a significant gap in time between the right exercised and the employee's termination, a court may find as a matter of law that causation cannot be shown." *Fox v. Adams and Associates, Inc.*, 166 N.E.3d 772, 789, 445 Ill. Dec. 342, 359 (1st Dist. 2020). In *Fox*, the state court deemed that there was no causation, in part due to several intervening events, but also due to the "lengthy lapse of time." *Id.* at 790. Although decided at summary judgment, this analysis supports the Court's conclusion that events, alleged to be five years apart, cut against causation. *See also Strong v. Quest Diagnostics Clinical Lab'ys Inc.*, No. 19-CV-4519, 2021 WL 354000, at *8 (N.D. Ill. Feb. 2, 2021) (Tharp, J.) (dismissing an IWCA claim when plaintiff's disability claim had been denied but she was not terminated for another 3.5 years).

Furthermore, "[t]o establish a causal relationship, Plaintiff must affirmatively show that the discharge was primarily in retaliation for her exercise of a protected right (her workers' compensation claim). In other words, Plaintiff must present sufficient evidence from which a reasonable jury could infer that the employer was improperly motivated." *Kotaska v. Fed. Express Corp.*, No. 16-cv-9321, 2018 WL 3993722, at *18 (N.D. Ill. Aug. 21, 2018) (Dow, J.) (internal citations omitted). Although *Kotaska* was decided on summary judgment, this principle still rings true here: Emerson has not shown how her discharge was primarily in retaliation for filing a

---

[1] It did not go unnoticed that Emerson added allegations suggesting that decisionmakers knew about her workers' compensation claim. Nonetheless, the Court finds that these allegations do not affect the following analysis regarding the five-year time gap between filing the workers' compensation claim and Emerson's termination.

workers' compensation claim, even if it remained pending. *See id.* at *19 ("[T]he only evidence of causation that Plaintiff puts forward is the fact that she filed a worker's compensation claim in 2011 and was then fired four years later, which is not enough to support her retaliatory discharge claim."). The Court finds that simply filing a workers' compensation claim, and later being terminated, is insufficient by itself to allege an IWCA claim, and whether the claim remained pending is not a dispositive issue. Because Emerson provides no other allegations supporting causation, the Court finds that the IWCA claim should be dismissed. The Court thus need not address the parties' arguments regarding whether Emerson properly identified decisionmakers who knew about her claims.

Lastly, the Court agrees with defendants that Emerson did not plead any Title VII retaliation claim. Her EEOC claim makes no mention of the Title VII claim, (Dkt. 1-1.) and as such she failed to exhaust this claim. *See, e.g., Graham v. AT&T Mobility LLC*, 247 Fed. Appx. 26, 28–29 (7th Cir 2007). Furthermore, Emerson does not raise any argument regarding a Title VII retaliation claim in her response brief, waiving her opposition to defendants' argument.

For these reasons, the Court grants defendants' motion to dismiss [30]. Because Emerson had the opportunity to rectify her complaint, but failed to do so, this dismissal is now with prejudice.

IT IS SO ORDERED.

Date: 8/10/2023

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge